```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA       )
                               )
        v.                     )    CRIMINAL NO. 04-10396-PBS
                               )
                               )
JEAN CLAUDE MULLER             )
```

### ASSENTED-TO MOTION TO WAIVE PRESENTENCE INVESTIGATION AND FOR EXPEDITED SENTENCING HEARING

Defendant, Jean Claude Muller, respectfully moves that the Court, pursuant to Fed. R. Crim. 32(c)(1)(A)(ii), dispense with the Presentence Report in the instant matter and conduct a an expedited sentencing hearing at the hearing scheduled for March 11, 2005 at 4:00 p.m.  As reasons therefore, defendant through counsel states the following:

### BACKGROUND

This matter arises from defendant's arrest by Massachusetts State Police on February 27, 2002.  Defendant was the driver of a car in which co-defendant, Juan Agustin Caraballo, was a passenger.  A tip by a confidential informant led to the stop of the automobile in Auburn, Massachusetts.  Troopers later found three brick-like packages of cocaine in a hidden compartment in the vehicle.  Both Caraballo and defendant were arrested and arraigned in Worcester District Court on state court trafficking charges.  Both men have been detained ever since.

Some months after the arrest, both men participated in

proffer sessions with law enforcement agents.  As a result of the pair's cooperation, a federal investigation was begun that continues to this day.  In exchange for the cooperation, the Worcester County District Attorney's Office in cooperation with the U.S. Attorney's Office agreed to drop the state court trafficking charges.  Both defendants agreed to plea to an Information in U.S. District Court.

The instant Information was filed on December 28, 2004.  Defendants first appeared in this court on January 25, 2005, where they consented to further detention.  As of the date of the next scheduled hearing on March 11, 2005, defendant will have spent more than 36 months in detention on this matter.

### GUIDELINE SENTENCING RANGE

The sentencing guidelines calculation, criminal history, and the resulting guideline sentencing range are all undisputed.  The information charges between 500 grams and two kilograms for a base offense level of **26**.  The government agrees that defendant has accepted responsibility in a timely matter for a decrease of **3** levels.  Moreover, defendant has satisfied the five "safety valve" criteria in U.S.S.G. §5C1.2 and is therefore also entitled to a **2** level decrease in offense level.  (Satisfaction of the "safety valve" criteria also authorizes the Court to sentence below the otherwise applicable mandatory minimum five-year sentence.  See 18 U.S.C. §3553(f).)  This results in a **Total**

**Offense Level** of **21** and a **Guideline Sentencing Range of 37-46 months**.[1] The parties have agreed that, in consideration of the government's low-end recommendation of 37 months, defendant will waive certain rights to appeal and bring collateral challenges to the sentence.

Taking into account the good time credit that will automatically be accorded by the Bureau of Prisons for the 36 months defendant has already spent in custody, a sentence of 37 months will result in an effective sentence of time served. Moreover, defendant, who is a citizen of Germany and has a family in the Dominican Republic, faces mandatory deportation by BICE and permanent denial of admission to the United States. Thus, the two predominant reasons for a Presentence Investigation and report - for BoP classification and later Probation supervision - have no application in this case.

## CONCLUSION

Given these facts, defendant submits that delaying the sentencing hearing for the time it takes to conduct a Presentence Investigation serves no useful purpose and will result only in detention beyond the sentence he would otherwise serve. This is

---

[1] Arguably, defendant is also entitled to a two to four level adjustment to reflect his minor or minimal participation in the criminal activity. See U.S.S.G. §3B1.2. Given the fact that defendant has served the sentence suggested by the GSR even without this further adjustment, the Court need not decide the issue.

a case where the Court can "meaningfully exercise its sentencing authority under 18 U.S.C. §3553" without a presentence report and should instead sentence defendant to a guideline sentence of time served.  Fed. R. Crim. 32(c)(1)(A)(ii).


Jean Claude Muller                      MICHAEL J. SULLIVAN
By his attorney,                        United States Attorney


/s/ Timothy G. Watkins                  /s/ Timothy G. Watkins o/b/o
Timothy G. Watkins                      Neil J. Gallagher, Jr.
Federal Defender Office                 Assistant U.S. Attorney
408 Atlantic Avenue, 3rd Floor          One Courthouse Way
Boston, MA  02110                       Boston, MA 02210
Tel: 617-223-8061                       Tel.: 617-748-3397