IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | NO. 04-10396-PBS |
| **JEAN CLAUDE MULLER** ) | |
| ) | |

## UNITED STATES' SENTENCING MEMORANDUM

On March 4, 2005, the defendant plead guilty pursuant to Fed R. Crim. P. 11 to a two count criminal information charging him with conspiracy and possession with the intent to distribute more than 500 grams of cocaine. The defendant filed a motion pursuant to Fed. Crim. P. 32(c)(1)(A)(ii) to proceed to dispense with a Pre-Sentence Report and conduct an expedited sentencing hearing. The government assented to the defendant's motion because the sentencing facts are clear, agreed upon and not in dispute. In particular, the government agrees that the defendant's final adjusted offense level is a level **twenty-one (21)** and that the applicable Sentencing Guideline range is **37-46 months**. The government, furthermore, has agreed to recommend the low end of the applicable guideline range, **37 months.**

The Court ordered the government to conduct a sufficient due-diligence investigation of the defendant to ensure that the Court may sentence the defendant without the need of a Pre-Sentence Report. Accordingly, the government submits the following:

**Supplemental Factual Background**

The seizure of cocaine on February 27, 2002 in Auburn, MA is related another pending case now before the court, *United States vs. Luz Luciano, et al.*, 04-10299-PBS. This case involves twenty-four indicted defendants and Title III wiretaps over twenty-one separate telephones that took place between July 2003 until May 1, 2004 when DEA arrested twenty-two individuals following the seizure of fifty (50) kilograms of cocaine in Danvers, MA. In addition to these wiretaps, the investigation also involved extensive physical surveillance and information from multiple cooperating sources of information.

Throughout this investigation, no information was mentioned that would suggest that defendant had any other involvement in drug trafficking or criminal activity (with the exception of immigration status) other than the events surrounding the seizure on February 27, 2002. The government further had the opportunity to interview the defendant pursuant to the "safety valve" provision of U.S.S.G. § 5C1.2. Following this interview, the government is satisfied that the defendant's involvement in the offense was limited to knowingly transporting cocaine during this particular time frame at the request of his co-defendant, Juan Caraballo.

Furthermore, the government has been able to confirm that the defendant does not have any prior criminal convictions in the United States. The government at this time is unable to determine if the defendant has any type of criminal history in his prior countries of residence, which include France, Germany, and the Dominican Republic. In order to obtain such information, the government would have to submit either a Vienna

Convention Request, a Mutual Lateral Assistance Treaty Request, or a Letter's Rotatory to these countries through the Department of Justice's Office of International Affairs. This is a lengthy process that could take at least several months to receive any type of response.[1]

Undersigned counsel did, however, conduct a search of INTERPOL's website (www.interpol.int) and links to the national wanted websites for both France and Germany to determine if the defendant was wanted in any of those countries. Undersigned counsel was unable to find any information that would tend to show that defendant is wanted in either France of Germany or by a INTERPOL red-line notice.

## Conclusion

For the foregoing reasons, the government submits that the Court should sentence the defendant to applicable Sentencing Guideline range.

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

By:          /s/ Neil J. Gallagher, Jr.
              Neil J. Gallagher, Jr.
              Assistant U.S. Attorney
              (617) 748-3397

Dated: March 10, 2005

---

[1] Furthermore, pursuant to U.S.S.G. 4A1.2(h), foreign convictions are not included in the calculation of Criminal History Points.